### SUSAN F. BOWEN v. ISAAC M. SHACKTER.

Submitted March 24, 1905—Decided June 12, 1905.

The defendant was tenant of a building which was damaged by fire; the fire burned a hole three feet by five in the floor above the furnace; some small holes were cut through the floors by the firemen in extinguishing the fire; the floors were burned in places between the beams, but none of the beams were burned through, and the floors remained firm, except for the holes mentioned; some damage was done to a chimney and side wall of the building; glass was broken in a skylight in the extension roof upstairs in the windows; no damage occurred above the store floor, except to defendant's stock of goods. *Held*, that the premises had not become untenantable.

On appeal from Second District Court of Jersey City.

Before Justices DIXON, GARRISON and SWAYZE.

For the appellant, *William H. Speer.*

For the respondent, *Walter L. McDermott.*

The opinion of the court was delivered by

SWAYZE, J. This was a suit to recover rent for a building for the months of March and April, 1904, under a lease between the plaintiff and one Bloomfield, which had been assigned to the defendant with the plaintiff's consent. The only defence was that the premises had become untenantable, and that the lease had thereby by its terms become null and void. The provision of the lease in this respect is: "If the building

is destroyed by the elements, or becomes untenable, then this lease shall become null and void immediately." Counsel agree —rightly, we think—that the word "untenable" means "untenantable." The trial judge directed a verdict for the plaintiff. The only question to be decided is whether there was evidence sufficient to go to the jury upon the issue of the untenantability of the premises. The evidence was that fire in the premises, on February 28th, 1904, burned a hole three feet by five feet in the floor above the furnace; that there were some small holes cut through the floors by the firemen in extinguishing the fire; that the floors were burned in places between the beams, but none of the beams were burned through, and the floors remained firm except for the holes mentioned; that some damage was also done to a chimney and to a side wall of the building, and glass was broken in a skylight in the extension roof upstairs in the windows; that no damage occurred above the store floor except to the defendant's stock of goods. We agree with the trial judge that this evidence is not sufficient to warrant an inference that the premises had become untenantable. The direction of a verdict for the plaintiff was correct, and the judgment should be affirmed, with costs.